UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADRIAN WILLIAMS,

    Plaintiff,

v.

Case No. 3:22-cv-1614

FIRSTSERVICE RESIDENTIAL, INC.,
and FIRSTSERVICE RESIDENTIAL
TEXAS, INC.,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR A JURY TRIAL

The Plaintiff, ADRIAN WILLIAMS (hereinafter "Plaintiff" or the "Williams"), is an individual and files this complaint against the Defendant, FIRSTSERVICE RESIDENTIAL, INC. and FIRSTSERVICE RESIDENTIAL TEXAS, Inc. doing business as FirstService Residential Dallas (hereinafter "FirstService" or "Defendants") and alleges:

1. The Plaintiff brings this action for the illegal practices of the Defendants which include the use of false or deceptive practices in attempting to collect an alleged debt.

2. The Plaintiff alleges that the Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. The Plaintiff requests the practices of Defendants described below be declared to violate the FDCPA and that they be awarded statutory damages and actual damages payable by the Defendant.

### JURISIDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §133l and 15 U.S.C. § l692k(d)

(Fair Debt Collection Practices Act).

2. Venue in this District is proper because the pertinent events took place here.

3. Declaratory relief is requested pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

4. The Plaintiff is an individual, *sui juris*, who resides in Dallas County, Texas.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and are persons with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, to wit: the Plaintiff has been subjected to the Defendant's false and misleading representations as to the Plaintiff's rights to request validation of an alleged debt and the Defendant's obligations to validate the alleged debt pursuant to 15 U.S.C. §1692g.

6. FirstService Residential, Inc., is a corporation organized under the laws of Delaware, with its principal office in Dania Beach, Florida whose address is 1855 Griffin Road Suite A-330, Dania Beach, Florida 33004.

7. FirstService Residential Texas, Inc., is a corporation organized under the laws of Texas, with its principal office in Dallas, Texas whose address is 14951 Dallas Pkwy, 6th Floor, Dallas Texas 75254-6874.

8. FirstService Residential, Inc., and FirstService Residential Texas, Inc., are both subsidiaries of FirstService Corporation, and operate under the "FirstService" name to collect past due homeowner's associations assessments from Texas homeowners.[1]

---

[1] See e.g. https://www.fsresidential.com/corporate/what-we-do/additional-services/financial-management (last visited July 23, 2022) ("At FirstService Residential, ensuring your community association's continued financial stability is one of our highest priorities. … Some of the services we offer…Turnkey Collection Services.").

2

9. Upon information and belief, with respect to all actions and decisions to this action, First Service has operated as a single entity, including in the development and enforcement of policies related to the collection of past due assessments.

10. Upon information and belief, at all times pertinent to this action, the finances, policies, and business practices of First Service are and were dominated and controlled hy one another in such a manner that each individual defendant has no separate mind, will, identity, or existence of its own and instead operated as mere instrumentalities and alter egos of one another.

11. Upon information and belief, First Service are so closely related in ownership and management, and that each works closely in concert with the other, such that each has become the alter ego of the other, in that, among others:

   a. First Service operates and hold themselves out to the public as a single entity known as "FirstService" or "FirstService Residential"[2];

   b. With respect to all actions and decisions in Texas pertinent to this action, First Service has operated as a single entity known as "FirstService" or "FirstService Residential";

   c. FirstService operates and hold themselves out to the public in such a way that members of the public would be unable to identify and distinguish between one "FirstService" or "FirstService Residential" entity and another; and

   d. FirstService shares corporate officers with one another. *See* Comp. Exhibit D. Any such conduct in violation of federal law by one FirstService defendant should be imputed to each other FirstService defendant.

12. The Defendant(s) are "debt collector(s)" as that term is defined by 15 U.S.C. §

---

[2] *See e.g.* https://www.fsresidential.com/corporate/what-we-do/property-management/community-association-and-hoa (last visited July 23, 2022) ("All across the U.S. and Canada, FirstService Residential is the HOA management company that communities prefer.").

1692a(6), to wit: the Defendants used the mail in a business the principal purpose of which was to collect debt; regularly attempts to collect debts owed or due to another; or attempted to collect a debt that was already in default when it acquired the debt.

13. The Defendant(s) are "debt collector(s)" because the debt was in default when acquired by the Defendants. *See e.g. Scholosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) ("[T]he Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee ... ").

14. The Defendants are collecting a debt on behalf of Hills of Westchester Hills Homeowner's Association, Inc.

## FACUTAL ALLEGATIONS

15. On August 20, 2015, Williams became the owner of real property located in Grand Prairie, Dallas County, described as follows: LOT 8, BLOCK K, OF POLO HEIGHTS, PHASE 2, AN ADDITION TO THE CITY OF GRANDPRAIRIE, DALLAS COUNTY, TEXAS, ACCORDINGTO THE PLAT THEREOF RECORDED IN VOLUME 2004010, PAGE 51, MAP RECORDS, DALLAS COUNTY, TEXAS.

16. The afore-described real property owned by Williams is within the area defined by the Declaration as constituting Hills of Westchester Hills Homeowner's Association, Inc. (the "Association"). By virtue of ownership of said property, Williams is a member of the Association and is bound by the terms of the Declaration, including the duty to pay yearly assessments to the Association.

17. Williams' account was referred from the previous property manager to FirstService on or about June 30, 2021.

18. On October 19, 2021, Williams disputed the "AR fees", late fees, legal fees and

violation fees and requested that those fees be removed because the fees were predatory and excessive under the circumstances. *See* attached Comp. Exhibit A.

19. To support his position, on several occasions, Williams informed the Association that technical issues with the payment website prevented him from making payments; the Association failed to update its records to reflect the correct spelling of Williams' name, his date of birth, and his social security number so he could set up a payment account on-line to pay his assessments.

20. On or about February 7, 2022, FirstService contacted Williams and Williams disputed that he owed any fees other than his yearly assessments because the Association's website prevented him from making timely payments. *See* Exhibit B. However, the Association failed to adjust Williams' account to reflect the amounts owed excluded "AR fees", late fees, legal fees and violation fees.

21. At the time Williams' account was transferred to FirstService, there was a balance of $3,413.64 that was transferred over from the previous collection manager which included alleged amounts owed from 2016.

22. On April 26, 2022, FirstService began mailed a a debt collection letter to Williams. A copy of the letter is attached hereto as Exhibit C.

23. The FirstService's debt collection letter sent to Williams provided:

> For payment options, please refer to the reverse side of this page for additional methods.
>
> If you notify us in writing within the forty-five (45) day period that the debt, or any portion thereof, is disputed, a copy of such verification or judgment will be mailed to you by us. Upon your written request within the forty-five (45) day period, we will: (1) provide you with the name and address of the original creditor, if different from the current creditor, and (2) suspend further collection action of any disputed portion of the debt until the dispute is resolved or until we mail you the verification of debt or a copy of the judgment or the name and address of the original creditor, as applicable. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. **Consider this your last opportunity to discuss our payment solutions available with FirstService Residential.**

24. FirstService's debt collect letter also contained the following language in bold typeface font:

    a. **"You have a 45-day period from the date this notice was mailed to cure this delinquency in order to above further collection action".**

    b. **"For payment options, please refer to the reverse side of this page for additional methods";**

    c. **"Consider this your last opportunity to discuss our payment solutions available with FirstService Residential".**

25.    As a "least-sophisticated consumer", it is impossible for Williams to know whether the language in the FirstService's debt collection letter is an attempt to comply with §1692g and FirstService is expanding Williams' rights under §1692g(a) by extending the time to dispute the debt in writing from 30 days to 45 days or whether the "45-day period" is merely the time for Williams to cure the alleged delinquency and Williams was not apprised of his rights to dispute the debt pursuant to §1692g(a).

26.    FirstService's debt collection letter is false and misleading because it requires Williams to cure the alleged delinquency withing the "45 – day period" and that language overshadows Williams' time to dispute the debt pursuant to §1692g(a) because it could take greater that 45 -days for FirstService to validate the debt.

27.    FirstService's debt collection letter is false and misleading because it fails to notify Williams that unless within thirty days after receipt of the notice, he disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector pursuant to §1692g(a)(3).

28.    The debt collection letter is misleading to the unsophisticated consumer, like Williams, because the language "**Consider this your last opportunity to discuss our payment solutions available with FirstService Residential**" overshadows Williams right to dispute the validity of the debt and gave the false impression that the alleged debt is valid and leads Williams to

6

believe that me must pay the disputed debt.

29.     The debt collection letter is misleading to the unsophisticated consumer, like Williams, because it seeks to collect alleged debt outside the five-year statute of limitations period. § 16.004(a) (3), *See Tex. Civ. Prac. & Rem. Code*. The payment breakdown provided to Williams co-mingles expired debt with unexpired alleged debt thus making it impossible for Williams to know how much he should pay.

### COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. 1692e(2)(A)
### (Against Both Defendants)

30.     The Plaintiff re-allege paragraphs 1 – 18 and 25 as if set forth fully.

31.     15 U.S.C. § 1692e provides that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt;

32.     FirstService debt collection letter is false, misleading, or deceptive to least sophisticated consumers, like Williams because it is confusing as to how much he should pay to satisfy his obligation and whether he should be required to pay the attorney fees and costs that were accrued for the collection of stale debt.

33.     FirstService's actions were either intentional or grossly negligent as, Williams did everything in his power to notify FirstService that its attempts to collect on a debt were invalid.

34.     FirstService's above-described conduct has caused Williams to incur actual damages including but not limited to attorneys' fees paid to his counsel, anxiety, embarrassment, frustration, and worry.

35. The Defendant's above-described conduct has caused Williams' to suffer the following additional injuries in fact.

36. Williams has been deprived of truthful information concerning the debts because the Defendant attempts to collect assessments, interests, costs, and attorney's fees outside the four-year statute of limitations period.

37. The injuries in fact are fairly traceable to the challenged actions of the Defendant in that Defendant's debt collection letter Williams threatened foreclosure of his property.

38. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

**WHEREFORE**, the Plaintiff prays that:

A judgment be entered against each Defendant, jointly and severally, for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiff is entitled.

### COUNT II - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. 1692e(10)
### (Against Both Defendants)

39. The Plaintiff re-allege paragraphs 1 – 18 and 25 as if set forth fully.

40. 15 U.S.C. § 1692e (10) provides that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect

any debt …

41. FirstService debt collection letter is false, misleading, or deceptive to least sophisticated consumers, like Williams because it is confusing as to how much he should pay to satisfy his obligation and whether he should be required to pay the attorney fees and costs that were accrued for the collection of stale debt.

42. FirstService's actions were either intentional or grossly negligent as, the Plaintiff did everything in his power to notify FirstService that its attempts to collect on a debt were invalid.

43. FirstService's above-described conduct has caused Williams' to incur actual damages including but not limited to attorneys' fees paid to his counsel, anxiety, frustration, and worry.

44. The Defendant's above-described conduct has caused Williams' to suffer the following additional injuries in fact:

45. Williams has been deprived of truthful information concerning the debts because the Defendant attempts to collect the Defendant attempts to collect assessments, interests, costs, and attorney's fees outside the four-year statute of limitations period.

46. The injuries in fact are fairly traceable to the challenged actions of the Defendant in that Defendant's collection complaint filed against Williams threatens further collection activity which necessarily includes foreclosure of William property.

47. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

**WHEREFORE**, the Plaintiff prays that:

A judgment be entered against each Defendant, jointly and severally, for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for; an award of actual

damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiff is entitled.

### COUNT III - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. 1692g(a)(1-5)
### ((Against Both Defendants)

48.     The Plaintiff re-allege paragraphs 1 – 24 as if set forth fully.

49.     15 U.S.C. § 1692g(a)(1-5) provides:

(a)     Notice of debt; contents - Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

50.     Defendant's violations of the FDCPA with regard to the Plaintiff includes, but are not limited to, failing to provide Williams' notice pursuant to § 1692g(a) within five days after the initial communication with a consumer in connection with the collection of any debt and to clearly and accurately state the amount of the debt owed in delinquent assessments, late fees or charges, interests, attorney fees and costs, in violation of 15 U.S.C. §1692g(a)(l);

51.    FirstService's debt collection letter is false, misleading, or deceptive to least sophisticated consumers, like the Plaintiff, because FirstService uses huge, bold typeface lettering of other text as evidence of a deliberate policy to evade the spirit of the FDCPA and to mislead Williams into disregarding the validation notice.

52.    FirstService's actions were either intentional or grossly negligent as, the Plaintiff did everything in his power to notify FirstService that its attempts to collect on a debt were invalid.

53.    FirstService's above-described conduct has caused Williams to incur actual damages including but not limited to attorneys' fees paid to his counsel, anxiety, frustration, and worry.

54.    The Defendant's above-described conduct has caused Williams to suffer the following additional injuries in fact:

55.    Williams has been deprived of truthful information concerning his rights to validate the alleged debt because the Defendant misrepresent and concealed Williams' debt validations rights pursuant to §1692g(a).

56.    The injuries in fact are fairly traceable to the challenged actions of the Defendant in that Defendant's collection letter overshadowed the validation notice.

57.    Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

WHEREFORE, the Plaintiff prays that:

A judgment be entered against each Defendant, jointly and severally, for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all

other relief to which Plaintiff is entitled.

58.Trial by Jury: Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. U.S. Const. amend. 7; Fla R. Civ. P. 1.430.

59.PLAINTIFF HEREBY DEMANDS TRIAL BY JURY THIS ACTION.

Dated this 25th day of July, 2022.

Respectfully submitted by,

*/s/ Jason Brian Phillips, Esq.*

Jason Brian Phillips, Esq. Florida Bar No: 89841
J. BRIAN PHILLIPS, P.A.
P.O. Box 621176
Orlando, FL 32862-1176
Tel. (407) 493-7183
jason@jbrianphillipsesq.com
TRIAL COUNSEL FOR THE PLAINTIFF